# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>THE ESTATE OF AL P. JAEGER, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF AL P. JAEGER, THE ESTATE OF JUNE E. JAEGER, KNOWN AND UNKNOWN HEIRS AND DEVISEES OF JUNE E. JAEGER, LINDA DOOLEY, BONNIE BLAZICEVICH, SANDY KUCERA, CRYSTAL LARSEN and WILLIAM JAEGER and FERGUS COUNTY, a political subdivision of the State of Montana,<br><br>　　Defendants. | CV 18-128-GF-BMM-JTJ<br><br><br>JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE |

　　This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed

herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1.	This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Fergus, State of Montana, and is described as follows:

> A tract of land in the NW¼SW¼, Section 23, Township 15 North, Range 18 East, M.P.M., Fergus County, Montana, described as follows, to-wit. Starting at the West Quarter corner of Section 23, in Township 15 North, Range 18 East, M.P.M., thence North 87° 26' East 30 feet to the place of beginning; thence North 87° 26' East 445.7 feet to a point; thence South 22°18' East 210 feet to a point; thence South 87°26' West 510 feet, more or less, to a point directly South and 200 feet distant from the place of beginning; thence North 200 feet to the place of beginning. (Doc. 8, Para. 4).

2.	Al P. and June E. Jaeger received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Intermountain Mortgage Co. Inc., on July 25, 2005. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 et seq. The loan and deed of trust was subsequently assigned to the U.S. Department of Housing and Urban Development (HUD). No payments on such loans are due, until all parties who signed the loan and mortgage are deceased, or have vacated the premises for one year. The loan is evidenced by a promissory note dated July 25, 2005. An additional Adjustable Rate Second Note Home Equity Conversion dated July 25, 2005, was also executed by the defendants Al P. and June E. Jaeger. True and

correct copies of the adjustable rate notes are attached to the Amended Complaint as Exhibit A and B. (Doc. 8, Para. 2).

3. As security for the above-described loans Al P. and June E. Jaeger executed Deeds of Trust with Intermountain Mortgage Co., Inc., as beneficiary on July 25, 2005.  This Deed of Trust was filed for record with the Clerk and Recorder of Fergus County on July 29, 2005 as Document No. 080157.  The Home Equity Conversion deed of trust was insured by HUD under the National Housing Act as amended, 12 U.S.C. § 1701 et Seq.  A true and correct copy of the Deed of Trust is attached to the Amended Complaint as Exhibit C.  (Doc. 8, Para. 3 a.).

4. As security for the above described loans Al P. and June E. Jaeger executed an Adjustable Rate Home Equity Conversion Second Deed of Trust with Secretary of Housing and Urban Development as beneficiary on July 29, 2005.  This Second Deed of Trust was filed for record with the Clerk and Recorder of Fergus County on July 29, 2005 as Document No. 080159.  A true and correct copy of the Second Deed of Trust is attached to the Amended Complaint as Exhibit D.  (Doc. 8, Para 3, b.).

5. The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Intermountain Mortgage as described in paragraph 3 above was subsequently assigned to Financial Freedom on July 29, 2005.  The Assignment of Deed of Trust was filed with Fergus County Clerk and Recorder on July 29, 2005 under Document Number 080158.  Financial Freedom assigned its interest to Electronic Registration Systems, Inc. ("MERS") on September 29, 2009.  The

assignment was recorded with the Fergus County Clerk and Recorder's Office on December 3, 2009, as Document Number 099550. Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to Secretary of Housing and Urban Development on April 21, 2015. The assignment was recorded with the Fergus County Clerk and Recorder's Office on May 8, 2015, as Document Number 119199. True and correct copies of all of the Assignments of the Deed of Trust are attached to the Amended Complaint as Exhibit E-G. (Doc 8, Para. 5).

6. The Deeds of Trust provide as security the real property located in Fergus County, Montana and described as follows:

> A tract of land in the NW¼SW¼, Section 23, Township 15 North, Range 18 East, M.P.M., Fergus County, Montana, described as follows, to-wit. Starting at the West Quarter corner of Section 23, in Township 15 North, Range 18 East, M.P.M., thence North 87° 26' East 30 feet to the place of beginning; thence North 87° 26' East 445.7 feet to a point; thence South 22°18' East 210 feet to a point; thence South 87°26' West 510 feet, more or less, to a point directly South and 200 feet distant from the place of beginning; thence North 200 feet to the place of beginning.

7. Defendants, Al P. and June E. Jaeger, are in default under the terms of the notes and deeds of trusts described above. The Deeds of Trust provides for immediate payment in full if the borrower dies or the property is not the principal residence of a least one surviving borrower. Al P. Jaeger passed away on August 22, 2005 and June E. Jaeger passed away on August 24, 2018. Attached to the Amended Complaint as Exhibit H are copies of the obituaries for Al P. and June E. Jaeger from the *Lewistown News-Argus*. There are no surviving borrowers. The Fergus County Clerk of Court was contacted and no probate action has been filed

for Al P. and June E. Jaeger.  The account was accelerated on March 8, 2017. (Doc. 8, Para. 7).

8.	Defendants, Al P. and June E. Jaeger, are indebted to the Plaintiff for the loans outlined above in the principal amount of $50,414.12, plus accrued interest in the amount of $23,329.46 as of February 26, 2019, plus administrative charges for payment of property tax, insurance and program fees in the amount of $10,413.29 for a combined total of $84,156.67 as of February 26, 2018.  Interest continues to accrue from February 26, 2018, at the rate of $8.67 per day until the date of entry of judgment.  Attached to the Amended Complaint as Exhibit I is a Certificate of Indebtedness which verifies the amount due.  Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.  (Doc. 8, Para. 9).  The United States is not seeking a deficiency judgment. (Doc. 8, Page 8, Para.8).

9.	Defendants, the Estate of Al P. and Known and Unknown Heirs and Devisees of June E. Jaeger, including Linda Dooley, Bonnie Blazicevich, Sandy Kucera, Crystal Larsen and William Jaeger, were served by Summons for Publication in the *Lewistown News-Argus* pursuant to 28 U.S.C. ' 1655, on March 6, 2019.  See Dkt. No. 29.  Defendants did not make an appearance.  Their default was entered on May 3, 2019.  (Dkt. No. 33).

10.	Defendant Linda Dooley, executed a Waiver of Service of Summons; it was filed with the Court on November 9, 2018.  (Dkt. No. 19). Defendant did not make an appearance.  Her default was entered on May 3, 2019. (Dkt. No. 33).

11. Defendant Bonnie Blazicevich, executed a Waiver of Service of Summons; it was filed with the Court on November 8, 2018. (Dkt. No. 15). Defendant did not make an appearance. Her default was entered on May 3, 2019. (Dkt. No. 33).

12. Defendant Sandy Kucera, executed a Waiver of Service of Summons; it was filed with the Court on November 8, 2018. (Dkt. No. 16). Defendant did not make an appearance. Her default was entered on May 3, 2019. (Dkt. No. 33).

13. Defendant Crystal Larsen, executed a Waiver of Service of Summons; it was filed with the Court on November 8, 2018. (Dkt. No. 18). Defendant did not make an appearance. Her default was entered on May 3, 2019. (Dkt. No. 33).

14. Defendant William Jaeger, executed a Waiver of Service of Summons; it was filed with the Court on November 8, 2018. (Dkt. No. 17). Defendant did not make an appearance. His default was entered on May 3, 2019. Dkt. No. 33).

15. Kent Sipe, Deputy Fergus County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on December 11, 2018. (Dkt No. 21). On December 11, 2018, Defendant Fergus County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the

property that is the subject of the foreclosure to the date of sale. (Dkt No. 22).

## CONCLUSIONS OF LAW

16. Fergus County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

17. The Plaintiff, United States, is entitled to judgment against Defendants, Al P. and June E. Jaeger, in the principal amount of $50,414.12, plus accrued interest in the amount of $23,329.46 as of February 26, 2018, plus administrative fees in the amount of $10,413.29 for a combined total of $84,156.67 as of February 26, 2018. Interest continues to accrue from February 26, 2018, at the rate of $8.67 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

18. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendants, Al P and June E. Jaeger, in the principal amount of $50,414.12, plus accrued interest in the amount of $23,329.46 as of February 26, 2018, plus administrative fees in the amount of $10,413.29 for a combined total of 84,156.47 as of February 26, 2018. Interest continues to accrue from February 26, 2018, at

the rate of $8.67 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in the Plaintiff=s Amended Complaint are true and correct.

3. The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Fergus County, Montana, and described as follows:

> A tract of land in the NW¼SW¼, Section 23, Township 15 North, Range 18 East, M.P.M., Fergus County, Montana, described as follows, to-wit. Starting at the West Quarter corner of Section 23, in Township 15 North, Range 18 East, M.P.M., thence North 87° 26' East 30 feet to the place of beginning; thence North 87° 26' East 445.7 feet to a point; thence South 22°18' East 210 feet to a point; thence South 87°26' West 510 feet, more or less, to a point directly South and 200 feet distant from the place of beginning; thence North 200 feet to the place of beginning.

4. Pursuant to 12 U.S.C. ' 1701(k) there is no right of redemption, and the United States is not seeking a deficiency judgment..

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale and Deed to the purchaser at the time of sale of the real property.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A. To Fergus County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C. Any overplus remaining after the payments to Fergus County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises,

subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 10th day of May, 2019.

_____
Brian Morris
United States District Court Judge